Case 4:11-cv-03278   Document 85   Filed in TXSD on 01/31/17   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IESHA GRANT, | § | |
| | § | |
| Third-Party Plaintiff, | § | |
| | § | |
| VS. | § | C.A. NO. H-11-3278 |
| | § | |
| CITY OF HOUSTON, DIANA | § | |
| BOCANEGRA, ANTONIO GARCIA, KYE | § | |
| NAQUIN, DAVID RUSSELL, ROBERT | § | |
| SIMPSON, AND CHASE CORMIER, | § | |
| | § | |
| Third-Party Defendants. | § | |

**OPINION AND ORDER**

Now that the Fifth Circuit has affirmed this Court's summary judgment in favor of the City of Houston and six Houston Police Department Officers (Kye Naquin, Diana Bocanegra, Antonio Gracia, David Russell, Robert Simpson and Chase Cromier)(collectively, "Prevailing Defendants"), reinstated before the Court in the above referenced Third-Party action, are prevailing-party Defendants' bill of costs (instrument #73), Plaintiff Iesha Grant's (Plaintiff or "Grant's") objection (#74), and Defendants' response (#77).

**Standard of Review**

Federal Rule of Civil Procedure 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." *Pacheco v. Mineta*, 448 F.33d 783, 793 (5th Cir. 2006), *cert denied*, 549 U.S. 888 (2006). Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded

costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). At the same time it gives the court discretion to deny costs. *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1539, 1551 (5th Cir. 1984). "Notwithstanding [the venerable presumption that prevailing parties are entitled to costs], the word "should" makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Max v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013).

Title 28 U.S.C. § 1920 identifies the types of expenses that a federal court, in its discretion, may tax:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A district court may only tax those costs listed in § 1920, but it does have the discretion to deny an award for those in that list. *Crawford Fitting Co. v. J.T. Gibbons*, 482 U.S. 437, 442-43 (1987); *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1992), *cert. denied*, 510 U.S. 1195 (1994); *Gordon v. Cinergy Corp.*, Civ. A. No. 4:05-cv-00451, 2007 WL 471130, at *1 (S.D. Tex. Feb. 9, 2007).

The party seeking to recover its costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue" as "obtained for use in the case" under § 1920(4). *Fogelman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). "A deposition is necessarily obtained for use in the case '[i]f, at the time the deposition was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery.'" *Marmillon v. Am. Intern. Ins. Co.*, 381 Fed. Appx. 421, 429 (5th Cir. 2010), *quoting Fogelman*, 920 F.2d at 285 ("[A deposition copy obtained for use during trial or for trial preparation rather than for the mere convenience of counsel may be included in taxable costs."). The need to take the deposition or the cost of obtaining a copy of a deposition is a finding of fact by the district court, which is given "great latitude in this determination." *Fogelman*, 920 F.2d at 286.

### Defendants' Bill of Costs (#74)

Prevailing Defendants, with copies of supporting invoices, have requested a total of $6,960.83 in costs, broken down as follows: $504.00 for service of summons and subpoena; $6,393.23 for printed or electronically recorded transcripts necessarily obtained for use in the case; and $63.60 for exemplification and costs of making copies.

### Plaintiff's Objection (#74)

Plaintiff claims that the application costs is improper, including in imposing inequitable hardship on her. She objects to

the $6,393.23 in deposition costs on the grounds that her own deposition was "minimal" and that Defendants have not shown the depositions obtained were necessary for Defendants' case. Grant complains that Defendants could have controlled and absorbed their costs rather than shifting excessive costs to her as punishment. Grant claims that Defendants did not notice anyone except her, while she noticed the majority of witnesses, had to purchase a copy of all those depositions, and had available copies of depositions for Defendants. She further contends that none of the deposition transcripts were introduced into evidence other than small portions used in the summary judgment proceedings, but these were unnecessary for the arguments. Furthermore, although Defendants are required to justify the taxation of the requests costs, Grant objects that they have only presented alleged "bills." Grant submits that most of the depositions were used to secure a settlement with the State of Texas for the improper seizure of $35,000 from her home.

### Defendants' Response (#77)

Defendants point out that the bill of costs identifies fifteen depositions taken in this action. Defendants noticed one, of Grant, while Plaintiff noticed and took the rest, and all were related to Grant's allegations that her constitutional rights were violated by the City of Houston and twelve police officers in the seizure of $35,000 in her home, the search of her home, and the shooting of her dog. Grant chose to sue and to take depositions of

all twelve officer Defendants and of investigators from homicide and the City's expert for the shooting.  Defendants maintain that they needed copies of the depositions to prepare for trial.  Each of the twelve offices would have to know of the City's policies and procedures at the time of the incident in dispute.  As for her claim that the depositions were used to secure a settlement, Defendants respond that the Plaintiff never disclosed that discovery would be limited to that issue and did not release six of the police officers until March 2014.  Trial was set for November 2014, but the Court granted summary judgment only two months earlier.  Defendants could not wait for a ruling on their motion for summary judgment before preparing for trial, for which all copies were necessarily made.  As for her claim that imposing costs was punitive, Defendants point to the stipulation entered into by Plaintiff and the State of Texas in March 2014:  For the State of Texas to agree to dismiss the forfeiture part of this case, Grant requested and presumably received from the State the seized $35,582.00 plus interest.

### Court's Decision

The Court finds that, in addition to the warranted costs of subpoenas and service, all the requested costs on Grant's bill should be awarded to prevailing Defendants because they were for copying of for depositions that at the time they were taken could reasonably be expected to be used for trial preparation and were necessarily obtained for use in the case.  Grant's unsupported

claim that imposition of costs would cause her hardship is unpersuasive.  She did not proceed *in forma pauperis* ("IFP")in this case and was represented by counsel through summary judgment.  Even if she were indigent, title 28 U.S.C. § 1915(f)(1) expressly states that when a party proceeds IFP "judgment may be rendered for costs at the conclusion of the suit or action as in other cases." *Calton v. City of Garland*, 170 Fed. Appx. 338, No. 05-10364. at *1 (5th Cir. Mar. 8, 2006)(*per curiam*).  That there were so many depositions taken was the inevitable result of Plaintiff's choosing to sue so many Defendants and to continue to prosecute them for years.

    Accordingly, the Court

    ORDERS that prevailing Defendants are awarded $6,960.83 in costs, to be paid by Grant, with post judgment to accumulate at the rate of 0.53% per annum from this date until the costs are paid.

    **SIGNED** at Houston, Texas, this  31st  day of  January , 2017.

    _____
        MELINDA HARMON
   UNITED STATES DISTRICT JUDGE